IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER JOHNSON,

      Plaintiff,                        No. CIV S-05-1955 MCE JFM P

    vs.

SCOTT KERNAN, et al.,

      Defendants.                   ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil complaint together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons set forth infra, ruling on plaintiff's in forma pauperis application will be deferred at this time.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.
8   A complaint, or portion thereof, should only be dismissed for failure to state a
9   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
11  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13  complaint under this standard, the court must accept as true the allegations of the complaint in
14  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
17  Plaintiff's complaint arises from an incident on June 20, 2005, when he was the
18  victim of an assault by two inmates.  Plaintiff names as defendants the Warden of California
19  State Prison Sacramento (CSP-Sacramento) and J. Howard, a correctional officer at CSP-
20  Sacramento.
21  The Civil Rights Act under which this action was filed provides as follows:
22  > Every person who, under color of [state law] . . . subjects, or causes
    > to be subjected, any citizen of the United States . . . to the
23  > deprivation of any rights, privileges, or immunities secured by the
    > Constitution . . . shall be liable to the party injured in an action at
24  > law, suit in equity, or other proper proceeding for redress.
25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has included Warden Kernan as a defendant in this action based solely on his supervisory role at CSP-Sacramento. For this reason, the complaint does not state a cognizable claim for relief against Warden Kernan.

Plaintiff alleges that Correctional Officer Howard's negligence contributed to the alleged assault. Exhibits appended to the complaint show that just before the assault Correctional Officer Howard mistakenly opened the cell door of one of the assailants, who exited his cell and refused to comply with Officer Howard's orders to return to the cell. (See Ex. A to Complaint, filed August 3, 2005.)

In order to state a cognizable claim for violation of his Eighth Amendment rights, plaintiff must allege facts which show deliberate indifference to his safety, or failure to protect him from a know risk of harm. See Farmer v. Brennan, 511 U.S. 825 (1994); see also Redman v. County of San Diego, 942 F.2d 1435 (9th Cir. 1991). Negligent acts do not violate the Eighth Amendment. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Both the

1 allegations of plaintiff's complaint and the exhibits appended thereto suggest that Correctional
2 Officer Howard's actions were not more than negligent. For this reason, plaintiff's complaint
3 does not state a cognizable claim against Correctional Officer Howard in this § 1983 action.
4        For the foregoing reasons, it appears that plaintiff has not stated a cognizable
5 federal claim in this action at this time. Plaintiff's complaint will be dismissed and plaintiff will
6 be given one opportunity to file an amended pleading raising a cognizable federal claim or a
7 request for voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).
8        If plaintiff chooses to file an amended complaint, the court will at that time rule
9 on plaintiff's application to proceed in forma pauperis. Plaintiff is informed that if he files an
10 amended complaint he will incur a liability in the amount of the $250.00 federal court filing fee
11 for a civil rights action. See 28 U.S.C. §§ 1914, 1915(b)
12        In accordance with the above, IT IS HEREBY ORDERED that:
13        1. Plaintiff's complaint is dismissed.
14        2. Plaintiff is granted thirty days from the date of this order to file either an
15 amended pleading or a request for voluntary dismissal of this action pursuant to Fed. R. Civ. P.
16 41(a).
17        3. Plaintiff is cautioned that failure to respond to this order will result in a
18 recommendation that this action be dismissed.
19 DATED: October 12, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
john1955.14

4